UNITED STATES of America, Plaintiff—Appellee,

v.

Darrel L. GRIFFEY, Defendant— Appellant.

No. 03–30541.

D.C. No. CR 02–0144–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided Aug. 18, 2005.

Michael Joseph Fica, USPO—Office of the U.S. Attorney, Pocatello, ID, for Plaintiff—Appellee.

D. Frederick Hoopes, Hopkins Roden Crockett Hansen & Hoopes, PLLC, Idaho Falls, ID, for Defendant—Appellant.

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM *

Darrel L. Griffey appeals his conviction and the sentence imposed following a jury trial on three counts of drug charges. Griffey contends that his statutory right to a speedy trial was violated and that his sentence should be vacated and remanded pursuant to *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm the conviction but remand the sentence to the district court.

■ We reject Griffey's contention that the district court's January 2003 order granting co-defendant Merlin Brower's motion for a continuance did not sufficiently weigh the necessary factors in determining that a continuance would serve the ends of justice.[2] Contrary to Griffey's contention, the continuance that he challenges was not based on the "ends of justice" exclusion, found in 18 U.S.C. § 3161(h)(8)(A), but on the need to conduct a mental examination of Brower, which is a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At oral argument, Griffey conceded his claim that the district court erred in denying his motion for a new trial on the grounds of newly discovered evidence.

2. Because the parties are familiar with the facts and the prior proceedings, we do not recite them here except as necessary to aid in understanding this disposition.

delay that is expressly excludable under 18 U.S.C. § 3161(h)(1)(A). The statute does not require consideration of the "ends of justice" factors for excluding a period of delay resulting from proceedings to determine a defendant's mental competency. *See* 18 U.S.C. § 3161(h)(1)(A); *United States v. Daychild,* 357 F.3d 1082, 1094 (9th Cir.2004) (holding that the district court properly excluded the time needed to determine the defendant's competence to stand trial). There is no evidence in the record that Griffey ever objected to any of the continuances sought by his co-defendants, and he did not file a motion for severance until May 2003, after the court had granted a continuance four times. We therefore reject Griffey's claim that his right to a speedy trial was violated.

■ With respect to Griffey's challenge of his sentence, we cannot determine "whether the district court would have imposed a materially different sentence at the time of sentencing had it known that the Guidelines were advisory rather than mandatory." *United States v. Ameline,* 409 F.3d 1073, 1083 (9th Cir.2005) (en banc). Because we conclude that "it is not possible to reliably determine from the record" the answer to that question, "we will remand to the sentencing court to answer that question." *Id.* at 1084.

**AFFIRMED and REMANDED.**